;

.



**FILED**

APR 0 8 2016

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

|  |  |  |
|---|---|---|
| FIRST CHURCH OF GOD, MARION, SOUTH DAKOTA, | : | 4:16-CV-4050 |
|  | : |  |
| Plaintiff, | : |  |
|  | : | PLAINTIFF'S COMPLAINT |
| v. |  | AND DEMAND FOR JURY TRIAL |
|  | : |  |
| CHURCH MUTUAL INSURANCE CO., | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

COMES NOW Plaintiff First Church of God, Marion, South Dakota, for its Complaint and Demand for Jury Trial against Church Mutual Insurance Company, states and alleges as follows:

## Parties

1.    Plaintiff First Church of God ("First Church of God") is, and at all relative times was, a registered domestic church in South Dakota, with its principle place of business in Turner County, South Dakota.

2.    Defendant Church Mutual Insurance Company ("Church Mutual") is a Company organized outside of the State of South Dakota, with its principal place of business located outside the State of South Dakota.

## Jurisdiction and Venue

3.    This Court has jurisdiction under 28 § U.S.C. 1332, diversity of citizenship.

4.    The damages at issue exceed $75,000.00.

4:16-CV--_____
Plaintiff's Complaint and Demand for Jury Trial

## Statement of the Facts

5.      First Church of God purchased a property insurance policy from Church Mutual, which was in effect before and after May 2015.

6.      On or about May 26, 2015, First Church of God's church was damaged during a hailstorm.

7.      Hail damage is a covered cause of loss under the insurance policy sold by Church Mutual to First Church of God.

8.      First Church of God submitted a claim on June 4, 2015, to Church Mutual for the hail damage sustained in May 2015.

9.      On June 9, 2015, a representative of Church Mutual, Colton Peterson, inspected First Church of God in response to the claim.

10.     At all relevant times with regard to First Church of God's claim, Colton Peterson was acting as an agent of Church Mutual.

11.     During the June 9, 2015 inspection, Colton Peterson identified extensive and widespread hail damage to the First Church of God's roof caused by the May hailstorm.

12.     Based on his inspection of the church, Colton Peterson issued a June 16, 2015 report to Church Mutual stating that First Church of God had been damaged by the May 2015 hailstorm as shown in Exhibit A attached to the Complaint.

13.     Colton Peterson's June 16, 2015 report to Church Mutual stated that $35,942.08 was necessary to repair the damage to the church caused by the May hailstorm. (*See* Exhibit 1.)[1]

---

[1] All exhibits referenced herein are attached hereto.

4:16-CV--_____
Plaintiff's Complaint and Demand for Jury Trial

14.    Colton Peterson's June 16, 2015 report stated that the amount of benefits owed to First Church of God for the damage to the Church, after accounting for depreciation, and the deductible was $25,283.55.

15.    Despite Colton Peterson's June 16, 2015 report, Church Mutual denied coverage for the May 2015 hailstorm.

16.    On October 5, 2015, Church Mutual refused in writing to pay First Church of God any of the benefits owed under the policy for the damage to the church that was caused by the May 2015 hailstorm.

17.    Church Mutual knew or recklessly disregarded the fact that the May 2015 hailstorm was a covered event under the policy and that at least $25,283.55 was owed to First Church of God under the policy.

18.    Church Mutual was obligated, as part of its investigation of the claim, to look for reasons to pay, and not just reasons not to pay.

19.    In evaluating the claim, Church Mutual had a duty to give just as much consideration to First Church of God's interests as it gave to its own interests.

20.    Church Mutual had a duty to inform First Church of God of any information obtained during the investigation of the claim regardless of whether the information would result in an increase or decrease of the amount owed under the policy.

21.    Church Mutual is responsible for the investigation and evaluation of First Church of God's claim by its agents.

22.    Church Mutual had no reasonable basis to deny the benefits owed under the policy to First Church of God after Colton Peterson's June 16, 2015 report.

23.     In a letter dated January 18, 2016, First Church of God requested that Church
        Mutual provide the information obtained as part of Church Mutual's investigation
        of the claim at issue in this case.

24.     On February 2, 2016, Church Mutual refused to provide First Church of God with
        all of the information Church Mutual had obtained during the investigation of the
        claim at issue in this case.

25.     In a letter dated February 9, 2016, First Church of God asked for Church Mutual to
        reconsider its refusal to produce all of the information Church Mutual had
        regarding its investigation of the claim.

26.     Church Mutual never responded to First Church of God's request to reconsider the
        refusal to produce all of the information Church Mutual had regarding its
        investigation of the claim.

27.     Church Mutual's claims handling process, as described in this Complaint, is
        designed to deny paying First Church of God the full amount owed under the
        insurance policy.

28.     Church Mutual's claims handling process, as described in this Complaint, is
        designed to delay paying First Church of God the full amount owed under the
        insurance policy.

29.     As a result of Church Mutual's refusal to pay the full amount of benefits owed
        under the insurance policy in a timely fashion, First Church of God has sustained
        additional damage.

30.     As a result of Church Mutual's claims handling process, as described in this
        Complaint, First Church of God has been damaged as follows:

        a.      First Church of God has been deprived of the benefits of the contract and of
                the timely fixing of its church depending on the current costs of materials

and labor.

b.    First Church of God has experienced aggravation, fear, annoyance, frustration, distress, mental and emotional pain and suffering, and inconvenience due to the wrongful denial and delay of her claim.

c.    First Church of God was forced to retain a lawyer at its expense.

d.    First Church of God's church has suffered additional damage as a result of Church Mutual's refusal to pay the full amount owed under the insurance policy to properly fix the damage caused by the May 2015 hailstorm.

## Count I
### (*Breach of Contract*)

31.    First Church of God realleges and restates Paragraphs 1-30 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

32.    Church Mutual has breached the contract of insurance with First Church of God by failing to pay the full amount of benefits owed under the policy.

## Count II
### (*Bad Faith*)

33.    First Church of God realleges and restates Paragraphs 1-32 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

34.    Church Mutual intentionally or recklessly utilized a claims handling process designed to maximize its profits at its insureds' expense.

35.    Church Mutual intentionally or recklessly utilized a claims handling process designed to delay the payment of benefits owed under the terms of the policy.

36.    Church Mutual intentionally or recklessly utilized a claims handling process designed to deny the full payment of benefits owed under the terms of the policy.

## Count III
### (*Punitive Damages*)

37.   First Church of God realleges and restates Paragraphs 1-36 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

38.   Church Mutual acted with oppression, fraud, or malice, and punitive damages are necessary and appropriate in order to punish and deter.

## Count IV
### (*Vexatious Refusal to Pay*)

39.   First Church of God realleges and restates Paragraphs 1-38 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

40.   Church Mutual unreasonably and vexatiously refused to pay amounts owing under the policy, requiring this Court to award Plaintiff's reasonable attorneys' fees as authorized under SDCL § 58-12-3.

## Requested Relief

WHEREFORE, First Church of God prays that this Court:

1.   Enter judgment in First Church of God's favor.

2.   Award First Church of God its damages, plus prejudgment interest thereon.

3.   Award First Church of God its attorneys' fees and costs as allowed by law.

4.   Grant such other further relief as may be just and proper.

## Demand for Jury Trial

First Church of God demands a trial by jury with regard to any and all questions of fact pertaining to all claims asserted in the above-entitled matter.

4:16-CV--_____
Plaintiff's Complaint and Demand for Jury Trial

Dated this 6th day of April, 2016.

FULLER & WILLIAMSON, LLP

Derek A. Nelsen
Eric T. Preheim
7521 South Louise Avenue
Sioux Falls, SD 57108
(605) 333-0003
dnelsen@fullerandwilliamson.com
epreheim@fullerandwilliamson.com
*Attorneys for Plaintiff*